# IN THE UNTED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIAH DREHER<br>2639 West Oakdale Street<br>Philadelphia, PA 19132 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : No.:_____ |
| v. | : |
| THE LAW OFFICES OF JOEL K. KOFSKY<br>1500 JFK Boulevard<br>Philadelphia, PA 19102 | :<br>:<br>: **JURY TRIAL DEMANDED**<br>: |
| Defendant. | : |

## CIVIL ACTION COMPLAINT

Mariah Dreher (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by The Law Offices of Joel J. Kofsky (*hereinafter* referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq.*)/the Pregnancy Discrimination Act ("PDA"), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII/Pregnancy Discrimination Act. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under Title VII/PDA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address set forth in the caption.

---

Title VII/Pregnancy Discrimination Act with the exception of adding a failure to accommodate and retaliation claim under the PFPO.

8. Defendant is a law firm providing representation for personal injury, workman's compensation, and medical malpractice claims, with its main office located at the above-captioned address. Plaintiff was hired through and worked at this office.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a female individual.

12. Plaintiff was employed by Defendant as a (pre-litigation) paralegal on a full-time basis from on or about August 6, 2018, until her unlawful termination (as discussed *infra*) on or about October 30, 2018.

13. Upon Plaintiff's hire, she informed Defendant's owner, Joel Kofsky (*hereinafter* "Kofsky"), that she was approximately six-and-one-half months pregnant, and that she would need health benefits for her pregnancy after her insurance with her prior employer terminated on or about September 1, 2018.

14. In response to Plaintiff's request for health benefits to care for her pregnancy, Kofsky informed Plaintiff that she would be eligible for health benefits under Defendant's group health plan at the end of her probationary period or within 60 days of her hire date – on or about October 6, 2018.

15. During her tenure with Defendant, Plaintiff was a hard-working employee who performed her job well.

16. On or about September 17, 2018, Plaintiff had a prenatal appointment scheduled on her lunch break; however, she was turned away from the prenatal appointment because her insurance from her prior employer was no longer effective.

17. When Plaintiff returned to Defendant's office after being turned away from her prenatal appointment on September 17, 2018, Plaintiff reminded Defendant's Office Manager, Colleen Miller (*hereinafter* "Miller") in person and later via email to make sure that Plaintiff's insurance coverage was in effect by on or about October 6, 2018 – the day her probationary period ended.

18. A few days after Plaintiff reminded Miller to ensure that her insurance coverage was in effect by on or about October 6, 2018, Miller left a booklet along with medical paperwork for Keystone Health Plan East PPO on Plaintiff's desk to be completed, which Plaintiff did.

19. Plaintiff purposefully did not plan any of the prenatal medical visits that she needed until her new insurance with Defendant was made effective.

20. On or about October 10, 2018, Plaintiff personally contacted Keystone Health Plan East and was informed by an insurance company representative that Plaintiff's insurance coverage was not yet in effect because Plaintiff's paperwork had not been provided by the Defendant.

21. Upon being informed by Keystone Health Plan East on or about October 10, 2018, that her insurance policy through Defendant was not in effect, Plaintiff emailed Miller and Kofsky and informed them that the paperwork had not been forwarded; Miller replied that she had forwarded everything to Keystone.

22. On or about October 15, 2018, nine days after Plaintiff's insurance coverage should have been in effect, Plaintiff scheduled a prenatal appointment at Jefferson Hospital.

4

23. At Plaintiff's prenatal visit at Jefferson Hospital on or about October 15, 2018, a hospital representative contacted Keystone Health Plan East to confirm Plaintiff's insurance coverage through Defendant, but was informed that Plaintiff's paperwork still had not been provided by Defendant and her coverage was not yet in effect.

24. Upon learning that her insurance coverage through Defendant was still not in effect on October 15, 2018, Plaintiff emailed both Miller and Kofsky inquiring as to the status of her insurance coverage.

25. In response to Plaintiff's October 15, 2018, inquiring about the status of her insurance coverage through Defendant, Miller stated that she had sent the paperwork to Keystone Health Plan East, and Kofsky replied that he "assumed [Plaintiff] had her own coverage" – despite that fact that Plaintiff had informed Kofsky upon her hire that she needed insurance coverage.

26. Over the next two weeks, Plaintiff continued to reach out to Miller and Kofsky on several occasions as to why her insurance coverage was not yet in effect. Both Miller and Kofsky responded that they were "taking care of it."

27. Throughout Plaintiff's tenure with Defendant, Kofsky questioned Plaintiff on numerous occasions regarding her pregnancy plans and maternity leave.

28. In response to Kofsky's questions about her pregnancy plans and maternity leave, Plaintiff consistently informed Kofsky that she planned to work up until her due date and then take a brief maternity leave.

29. On or about October 30, 2018, Plaintiff was feeling pregnancy discomfort and asked Miller if she could use a personal day now that she was past her 60-day probationary period to see her doctor, to which Miller agreed.

30. Just a few hours after Plaintiff requested a personal day from Miller to see her doctor for her pregnancy on or about October, 30, 2018, Miller called Plaintiff and abruptly terminated her because "Joel [Kofsky] doesn't think you want to be here."

31. Plaintiff associated Kofsky claiming she didn't "want to be here" as being related to her requests for medical benefits and as discrimination for her pregnancy and/or discussions on pregnancy planning and maternity leave, as Plaintiff performed her job well and in a manner that did not result in a disciplinary history.

32. In an e-mail from Kofsky following Plaintiff's termination, Kofsky stated to Plaintiff "We gave it a shot . . . not the best timing." Plaintiff believes and avers that Kofsky's statement of "not the best timing" was in reference her pregnancy and impending maternity leave.

33. Plaintiff believes and therefore avers that she was terminated from Defendant because of her pregnancy and/or her discussions on pregnancy planning and maternity leave.

## COUNT I
## Violations of Title VII/PDA
## (Pregnancy Discrimination)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Upon Plaintiff's hire, she informed Defendant's owner, Kofsky that she was approximately six-and-one-half months pregnant, and that she would need health benefits for her pregnancy after her insurance with her prior employer terminated on or about September 1, 2018.

36. Kofsky informed Plaintiff that she would be eligible for health benefits at the end of her probationary period or within 60 days of her hire date – on or about October 6, 2018.

37. Despite repeated requests during her tenure with Defendant for the health insurance benefits that she was promised after her probationary period, Plaintiff was never given provided with health insurance from Defendant to care for her pregnancy.

38. Plaintiff also informed Defendant that she intended to take a brief maternity leave following childbirth and requested approximately one day off from work due to pregnancy related pains (for which she wanted to see her physician).

39. On or about October 31, 2018, shortly requesting the day off from pregnancy-related reasons and in close proximity to discussing her need for medical insurance for her pregnancy care, her pregnancy plans, and maternity leave with Kofsky, Plaintiff was abruptly terminated.

40. Therefore, Plaintiff believes and avers that she was terminated from Defendant because of her pregnancy and/or her discussions on pregnancy planning and maternity leave.

41. This action as aforesaid constitutes unlawful discrimination under Title VII/PDA.

**Count II**
**Violations of ERISA – Section 510, 29 U.S.C. § 1140**
**(Interference & Retaliation)**

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Upon information and belief, Defendant delayed presenting Plaintiff with any paperwork regarding her eligibility for health insurance benefits and never activated Plaintiff's health insurance in order to prevent her from utilizing health insurance benefits under Defendant's group health plan, particularly for her pregnancy (discussed *supra*).

44. Upon information and belief, a motivating factor in Defendant's termination of Plaintiff's employment was her attempts to exercise her rights under Defendant's ERISA qualified group health plan.

45. It is also believed and averred that Defendant terminated Plaintiff's employment with the purpose of interfering with her attempt to attain benefits under Defendant's ERISA qualified group health plan.

46. Plaintiff's termination from her employment for the aforesaid reasons constitutes violations of ERISA, Section 510.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation; and

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 27, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Mariah Dreher | : | CIVIL ACTION |
| v. | : | |
| The Law Offices of Joek K. Kofsky | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

| | | |
|---|---|---|
| 3/27/2019 | _[signature]_ | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2639 West Oakdale Street, Philadelphia, PA 19132__

Address of Defendant: __1500 JFK Blvd, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/27/2019__   _/s/ Ari R. Karpf_   ARK2484 / 91538
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __3/27/2019__   _/s/ Ari R. Karpf_   ARK2484 / 91538
                      *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DREHER, MARIAH

**DEFENDANTS**
THE LAW OFFICES OF JOEL K. KOFSKY

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1. U.S. Government Plaintiff
X 3. Federal Question *(U.S. Government Not a Party)*
2. U.S. Government Defendant
4. Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | X 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII, the Pregnancy Discrimination Act, Pennsylvania Human Relations Act and the Phila Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  3/27/2019

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Print  |  Save As...  |  Reset